Majdi Y. Hijazin, *Of Counsel* (Ill. Bar. No.)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 630-575-8181
Facsimile: 630-575-8188
Email: mhijazin@hijazinlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Schicatano, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Credit Protection Association, LP,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*<br><br>JURY TRIAL DEMANDED** |

Now Comes Plaintiff, DENISE SCHICATANO ("Plaintiff"), by and through her undersigned attorney, on her behalf and on behalf of a class of all others similarly situated, brings this Class Action Complaint against Defendant CREDIT PROTECTION ASSOCIATION, LP:

### Parties, Jurisdiction and Venue

1.      Plaintiff is a citizen of the State of Arizona and resides and is domiciled in this Judicial District.

2.      Defendant CREDIT PROTECTION ASSOCIATION, LP ("CPA") is incorporated in the State of Texas and maintains its principal place of business at 13355 Noel Road, Floor 21, One Galleria Tower, Dallas, Texas 75240.

3.      Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 as the FDCPA is a federal statute.

5.      CPA is a "debt collector" as defined by Section 1692a(6) of the FDCPA because CPA routinely uses the United States Postal Service for the collection of consumer debts.

6.      CPA recognizes that the FDCPA applies to it because CPA places certain language and disclosures on its written debt collection communications as required by the FDCPA.

7.      CPA's principal purpose is the collection of defaulted debts.

8.      CPA primarily collects debts owed by consumers to creditors as opposed to business-to-business debts.

9.      This Court has federal question jurisdiction and venue is proper pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

10.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because CPA mailed the 02-17-2020 postcard to an address within this District and CPA routinely collects consumer debts in this District and CPA sent the Collection postcard to Plaintiff in this District.

11.      Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)(c) and 1441(a) because CPA, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

12.      Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because CPA is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

13.      Plaintiff seeks to represent a class of consumers residing in this Judicial District.

**Allegations Related to the Subject Debt**

14.     Plaintiff obtained services from Cox Communications for her personal and household use (the "Subject Debt").

15.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a "person obligated or allegedly obligated to pay" the Subject Debt and she is regarded as such by CPA.

16.     Due to unforeseen circumstances, Plaintiff was unable to pay the Subject Debt.

17.     Because CPA primarily collects consumer debts, it regarded the Subject Debt as "arising out of a transactions in which" internet services were obtained by Plaintiff from a creditor, Cox Communications, where the services were "primarily for personal, family or household purposes" as opposed to services obtained for a business purpose.

**CPA's Collection Postcard Dated February 17, 2020**

18.     CPA mailed a postcard to Plaintiff on or about February 17, 2020 (hereafter the "Postcard").

19.     Alternatively, on behalf of CPA, a third-party vendor mailed the Postcard to Plaintiff.

20.     The Postcard was mailed to Plaintiff in an attempt to collect the Subject Debt.

21.     The Postcard was folded and sealed shut for the purpose of protecting the contents of the Postcard from being read by persons other than the recipient.

22.     Because of how the Postcard was folded and sealed shut, the Postcard was similar to an envelope.

23.     Similar to an envelope, in order to review the contents of the Postcard, Plaintiff was required to open the Postcard.

24.    The Postcard was mailed to Plaintiff with the following language on the front of the Postcard: "**IMPORTANT INFORMATION ENCLOSED**."

25.    The Postcard is depicted below:



26.    When Plaintiff received the Postcard, her attention was drawn to the fact that the Postcard said "**IMPORTANT INFORMATION ENCLOSED**."

27.    After reading the words "IMPORTANT **INFORMATION ENCLOSED**" Plaintiff immediately opened the Postcard in order to read the contents of the Postcard.

28.    CPA's use of the words "IMPORTANT **INFORMATION ENCLOSED**" on the outside of the Postcard violated Section 1692f(8) of the FDCPA.

29.    CPA and its lawyers know that it was a violation of Section 1692f(8) of the FDCPA for CPA to include the words "IMPORTANT **INFORMATION ENCLOSED**" on the outside of the Postcard because CPA is familiar with the prohibitions of Section 1692f of the FDCPA.

30.    CPA was sued in February of 2018, for sending debt collection postcards to consumers in violation of Section 1692f(7) of the FDCPA (which prohibits "[c]ommunicating with a consumer regarding a debt by post card") in the case of *McRobie v. Credit Protection Association*, 18-cv-00566 (E.D. Penn.).

31.    CPA was sued in November of 2019, for sending debt collection postcards to consumers in violation of Section 1692f(8) of the FDCPA in the case of *Diaz v. Credit Protection Association*, 19-cv-02898 (M.D. Fla.).  CPA appeared and moved to dismiss the case against it.

32.    CPA's motion to dismiss was denied on February 12, 2020.  See, *Diaz v. Credit Protection Association*, 19-cv-02898-T-30-CPT, 2020 U.S. Dist. LEXIS 27629 (M.D. Fla. Feb. 12, 2020) (attached as **Exhibit A**).

33.    On information and belief, CPA plausibly placed the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards like the one in question to hundreds of consumers in this District, in an attempt to induce consumers like Plaintiff to open postcards, read the contents of the postcards, and pay the subject debts.

34.    On information and belief, CPA has determined that it collects more money from consumers when it places the words, "**IMPORTANT INFORMATION ENCLOSED**" on the face of written communications that it sends to consumers and/or debtors.

35.    On information and belief, CPA has determined that the least sophisticated consumers are more likely to open written communications sent with the words "**IMPORTANT INFORMATION ENCLOSED**" than postcards that do not contain the words "**IMPORTANT INFORMATION ENCLOSED.**"

36.    The inside of the Postcard is depicted below and reflects that CPA was attempting to collect the Subject Debt:

1
2



3
4
5
6
7
8



9
10
11
12
13
14
15
16
17
18
19
20
21
22

23    37.    The inside top of the Postcard contained the words "**COLLECTION NOTICE**" in

24  large font.

25    38.    The inside of the PostCard informed Plaintiff of the following: "[d]ue to your lack

26  of response to our previous communications, your account will be reported to the credit bureaus

27
28  within approximately 30 days."

39.    CPA's reference to "approximately 30 days" was meant to refer to "approximately 30 days" from the date of its February 17, 2020, communication to Plaintiff.

40.    The inside of the PostCard informed Plaintiff that she was alleged to owe a balance of $46.34 and so-called "[e]quipment due*" consisting of "1 piece".

41.    The asterisk next to the word "[e]quipment due" led to the following sentence: "**If not returned, $200 for the value of the equipment will be added to your balance*." (emphasis supplied).

42.    The Postcard contains a copyright date of 2020.

43.    The Postcard was a "communication" as defined Section 1692a(2) of the FDCPA where Section 1692a(2) defines the term "communication" to mean "the conveying of information regarding a debt directly or indirectly to any person through any medium."

44.    The Postcard was formatted to open up and be unfolded.

45.    Based upon the fact that the Postcard was sent to Plaintiff containing the words "**IMPORTANT INFORMATION ENCLOSED**" on the outside of the Postcard, Plaintiff was anxious when she received the Postcard.

### IV.    Causes of Action

### Count I – Individual Claim – The Postcard Violates Section 1692f(8) of the FDCPA

46.    Plaintiff realleges the above paragraphs as though fully set forth herein.

47.    Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48.    Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

49.    Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

50.    CPA's use of the phrase "**IMPORTANT INFORMATION ENCLOSED**" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

51.    CPA's written communication displayed the words "**IMPORTANT INFORMATION ENCLOSED**" in plain view for Plaintiff and other third-parties (such mail carriers) to observe.

52.    CPA's use of the words "**IMPORTANT INFORMATION ENCLOSED**" had a material impact on Plaintiff because these words caused Plaintiff to immediately open the written communication because she wanted to know what was so "IMPORTANT" about the contents of the Postcard material.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

a.    declare that Defendant's use of the phrase "**IMPORTANT INFORMATION ENCLOSED**" violates Section 1692f(8) of the FDCPA;

b.    enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards in conjunction with any future collection efforts;

c.    award Plaintiff statutory damages of up to $1,000;

d.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Based – Pursuant to 1692f(8) of the FDCPA**

53.    Plaintiff realleges the above paragraphs as though fully set forth herein.

54.    Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection communication by CPA where the communication displayed the words "**IMPORTANT INFORMATION ENCLOSED**" in plain view for Plaintiff and other third-parties (such mail carriers) to observe.

55.    CPA's use of the Postcard in this manner satisfies the elements of typicality, commonality, predominance and superiority.

56.    On information and belief, at least forty consumers may have paid their debts as a result of CPA's above violations of the FDCPA where their decision to pay their debt resulted from CPA using the words "**IMPORTANT INFORMATION ENCLOSED**."

57.    There are common legal and factual issues as to whether the Postcard/form of the written communication violates Section 1692f(8) of the FDCPA.

58.    Plaintiff's claims are typical and common of the class members that she seeks to represent.

59.    Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

> All persons with mailing addresses within the State of Arizona who were mailed a form collection postcard where the postcard used the words "**IMPORTANT INFORMATION ENCLOSED**" on the face of the postcard.

60.    The proposed class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

61.    The proposed class can be defined by CPA's records.

62.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this

Honorable Court:

    a.   declare that the nature of the written communication violates Section 1692f(8) of the FDCPA;

    b.   enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED"** on postcards in conjunction with any future collection efforts;

    c.   award Plaintiff statutory damages of up to $1,000;

    d.   award class members maximum statutory damages;

    e.   award class members actual damages if they paid their subject debts after receiving a collection postcard like the one sent to Plaintiff; and

    f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – Individual Claim – The Postcard Violates Section 1692f(7) of the FDCPA**

63.    Plaintiff realleges the above paragraphs as though fully set forth herein.

64.    Section 1692f(7) specifically prohibits a debt collector from "[c]ommunicating with a consumer regarding a debt by post card."

65.    The manner in which CPA communicated with Plaintiff by using the phrase "**IMPORTANT INFORMATION ENCLOSED**" violates Section 1692f(7) of the FDCPA as a matter of law because CPA communicated with Plaintiff by way of a postcard regarding a debt.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.   declare that the subject communication violates Section 1692f(7) of FDCPA;

    b.   enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED"** on postcards in conjunction with any future collection efforts;

    c.   award Plaintiff statutory damages of up to $1,000;

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Based – Pursuant to 1692f(7) of the FDCPA**

66.    Plaintiff realleges the above paragraphs as though fully set forth herein.

67.    Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection communication by CPA where the communication was sent by postcard contained the words "**IMPORTANT INFORMATION ENCLOSED**."

68.    CPA's use of the postcard in this manner satisfies the elements of typicality, commonality, predominance and superiority.

69.    On information and belief, at least forty consumers may have paid their debts as a result of CPA's above violations of the FDCPA where their decision to pay their debt resulted from CPA using the words "**IMPORTANT INFORMATION ENCLOSED**."

70.    There are common legal and factual issues as to whether the Postcard violates Section 1692f(7) of the FDCPA.

71.    Plaintiff's claims are typical and common of the class members that she seeks to represent.

72.    Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

> All persons with mailing addresses within the State of Arizona who were mailed a form collection postcard where the postcard used the words "**IMPORTANT INFORMATION ENCLOSED**" on the face of the postcard.

73.    The proposed class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

74.    The proposed class can be defined by CPA's records.

11

75.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.  declare that the communication violates Section 1692f(7) of the FDCPA;

    b.  enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards in conjunction with any future collection efforts;

    c.  award Plaintiff statutory damages of up to $1,000;

    d.  award class members maximum statutory damages;

    e.  award class members actual damages if they paid their subject debts after receiving a collection postcard like the one sent to Plaintiff; and

    f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – Individual Claim – The Postcard Violates Section 1692e of the FDCPA**

76.    Plaintiff realleges the above paragraphs as though fully set forth herein.

77.    Section 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

78.    The manner in which CPA communicated with Plaintiff by using the phrase "**IMPORTANT INFORMATION ENCLOSED**" in violation of Sections 1692f(7) and 1692f(8) violates Section 1692e of the FDCPA.

79.    Alternatively, CPA's conduct, standing alone, violated Section 1692e of the FDCPA.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.  declare that the subject communication violates Section 1692e of FDCPA;

b. enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED"** on postcards in conjunction with any future collection efforts;

c. award Plaintiff statutory damages of up to $1,000;

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI – Class Action Based – Pursuant to 1692e of the FDCPA**

80. Plaintiff realleges the above paragraphs as though fully set forth herein.

81. Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection communication by CPA where the communication was sent by postcard contained the words "**IMPORTANT INFORMATION ENCLOSED**."

82. CPA's use of the postcard in this manner satisfies the elements of typicality, commonality, predominance and superiority.

83. On information and belief, at least forty consumers may have paid their debts as a result of CPA's above violations of the FDCPA where their decision to pay their debt resulted from CPA using the words "**IMPORTANT INFORMATION ENCLOSED**."

84. There are common legal and factual issues as to whether the Postcard violates Section 1692e of the FDCPA.

85. Plaintiff's claims are typical and common of the class members that she seeks to represent.

86. Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

> All persons with mailing addresses within the State of Arizona who were mailed a form collection postcard where the postcard used the words "**IMPORTANT INFORMATION ENCLOSED"** on the face of the postcard.

87.     The proposed class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

88.     The proposed class can be defined by CPA's records.

89.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.   declare that the communication violates Section 1692e of the FDCPA;

    b.   enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards in conjunction with any future collection efforts;

    c.   award Plaintiff statutory damages of up to $1,000;

    d.   award class members maximum statutory damages;

    e.   award class members actual damages if they paid their subject debts after receiving a collection postcard like the one sent to Plaintiff; and

    f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII – Individual Claim – The Postcard Violates Section 1692e(2)(A) of the FDCPA**

90.     Plaintiff realleges the above paragraphs as though fully set forth herein.

91.     Section 1692e(2)(A) states that it is a violation for a debt collector to make a "false representation of . . . the character . . . or legal status of any debt[.]"

92.     The manner in which CPA communicated with Plaintiff by using the phrase "**IMPORTANT INFORMATION ENCLOSED**" in violation of Sections 1692f(7) and 1692f(8) violates Section 1692e(2)(A) of the FDCPA.

93.     Alternatively, CPA's conduct, standing alone, violated Section 1692e(2)(A) of the FDCPA.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a. declare that the subject communication violates Section 1692e(2)(A) of FDCPA;

    b. enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards in conjunction with any future collection efforts;

    c. award Plaintiff statutory damages of up to $1,000;

    d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VIII – Class Action Based – Pursuant to 1692e(2)(A) of the FDCPA**

94.    Plaintiff realleges the above paragraphs as though fully set forth herein.

95.    Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection communication by CPA where the communication was sent by postcard contained the words "**IMPORTANT INFORMATION ENCLOSED**."

96.    CPA's use of the postcard in this manner satisfies the elements of typicality, commonality, predominance and superiority.

97.    On information and belief, at least forty consumers may have paid their debts as a result of CPA's above violations of the FDCPA where their decision to pay their debt resulted from CPA using the words "**IMPORTANT INFORMATION ENCLOSED**."

98.    There are common legal and factual issues as to whether the Postcard violates Section 1692e(2)(A) of the FDCPA.

99.    Plaintiff's claims are typical and common of the class members that she seeks to represent.

100.    Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

15

All persons with mailing addresses within the State of Arizona who were mailed a form collection postcard where the postcard used the words "**IMPORTANT INFORMATION ENCLOSED"** on the face of the postcard.

101.    The proposed class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

102.    The proposed class can be defined by CPA's records.

103.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.    declare that the communication violates Section 1692e(2)(A) of the FDCPA;

    b.    enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED"** on postcards in conjunction with any future collection efforts;

    c.    award Plaintiff statutory damages of up to $1,000;

    d.    award class members maximum statutory damages;

    e.    award class members actual damages if they paid their subject debts after receiving a collection postcard like the one sent to Plaintiff; and

    f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IX – Individual Claim – The Postcard Violates Section 1692e(10) of the FDCPA**

104.    Plaintiff realleges the above paragraphs as though fully set forth herein.

105.    Section 1692e(10) states that it is a violation for a debt collector to "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

106.   The manner in which CPA communicated with Plaintiff by using the phrase "**IMPORTANT INFORMATION ENCLOSED**" in violation of Sections 1692f(7) and 1692f(8) violates Section 1692e(10) of the FDCPA.

107.   Alternatively, CPA's conduct, standing alone, violated Section 1692e(10) of the FDCPA.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.   declare that the subject communication violates Section 1692e(10) of FDCPA;

    b.   enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED"** on postcards in conjunction with any future collection efforts;

    c.   award Plaintiff statutory damages of up to $1,000;

    d.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count X – Class Action Based – Pursuant to 1692e(10) of the FDCPA**

108.   Plaintiff realleges the above paragraphs as though fully set forth herein.

109.   Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection communication by CPA where the communication was sent by postcard contained the words "**IMPORTANT INFORMATION ENCLOSED**."

110.   CPA's use of the postcard in this manner satisfies the elements of typicality, commonality, predominance and superiority.

111.   On information and belief, at least forty consumers may have paid their debts as a result of CPA's above violations of the FDCPA where their decision to pay their debt resulted from CPA using the words "**IMPORTANT INFORMATION ENCLOSED**."

112.    There are common legal and factual issues as to whether the Postcard violates Section 1692e(10) of the FDCPA.

113.    Plaintiff's claims are typical and common of the class members that she seeks to represent.

114.    Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

> All persons with mailing addresses within the State of Arizona who were mailed a form collection postcard where the postcard used the words "**IMPORTANT INFORMATION ENCLOSED**" on the face of the postcard.

115.    The proposed class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

116.    The proposed class can be defined by CPA's records.

117.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

a.    declare that the communication violates Section 1692e(10) of the FDCPA;

b.    enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards in conjunction with any future collection efforts;

c.    award Plaintiff statutory damages of up to $1,000;

d.    award class members maximum statutory damages;

e.    award class members actual damages if they paid their subject debts after receiving a collection postcard like the one sent to Plaintiff; and

f.    award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count XI – Individual Claim – The Postcard Violates Section 1692f of the FDCPA**

118.   Plaintiff realleges the above paragraphs as though fully set forth herein.

119.   Section 1692f states that it is a violation for a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

120.   The manner in which CPA communicated with Plaintiff by using the phrase "**IMPORTANT INFORMATION ENCLOSED**" in violation of Sections 1692f(7) and 1692f(8) violates Section 1692f of the FDCPA.

121.   Alternatively, CPA's conduct, standing alone, violated Section 1692f of the FDCPA.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.   declare that the subject communication violates Section 1692f of FDCPA;

    b.   enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards in conjunction with any future collection efforts;

    c.   award Plaintiff statutory damages of up to $1,000;

    d.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count XII – Class Action Based – Pursuant to 1692f of the FDCPA**

122.   Plaintiff realleges the above paragraphs as though fully set forth herein.

123.   Within one year of the filing of this lawsuit, at least 40 persons with addresses from within this District were sent a collection communication by CPA where the communication was sent by postcard contained the words "**IMPORTANT INFORMATION ENCLOSED**."

124.   CPA's use of the postcard in this manner satisfies the elements of typicality, commonality, predominance and superiority.

19

125.    On information and belief, at least forty consumers may have paid their debts as a result of CPA's above violations of the FDCPA where their decision to pay their debt resulted from CPA using the words "**IMPORTANT INFORMATION ENCLOSED**."

126.    There are common legal and factual issues as to whether the Postcard violates Section 1692f of the FDCPA.

127.    Plaintiff's claims are typical and common of the class members that she seeks to represent.

128.    Plaintiff will fairly and adequately represent the proposed sub-class members who are defined as follows:

> All persons with mailing addresses within the State of Arizona who were mailed a form collection postcard where the postcard used the words "**IMPORTANT INFORMATION ENCLOSED**" on the face of the postcard.

129.    The proposed class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends.

130.    The proposed class can be defined by CPA's records.

131.    Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff DENISE SCHICATANO respectfully requests that this Honorable Court:

    a.    declare that the communication violates Section 1692f of the FDCPA;

    b.    enjoin Defendant CPA from using the words "**IMPORTANT INFORMATION ENCLOSED**" on postcards in conjunction with any future collection efforts;

    c.    award Plaintiff statutory damages of up to $1,000;

    d.    award class members maximum statutory damages;

1

2

    e.  award class members actual damages if they paid their subject debts after receiving a collection postcard like the one sent to Plaintiff; and

3

4

    f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

5

**Plaintiff demands a jury trial.**

6

7

Dated: March 31, 2020                    Respectfully submitted on behalf of:

8

                                   Plaintiff, DENISE SCHICATANO individually and on behalf of all others similarly situated,

9

10

                                   /s/ *Majdi Y. Hijazin*
                                   Majdi Y. Hijazin, *Of Counsel*

11

                                   Sulaiman Law Group, Ltd
                                   2500 S Highland Ave, Suite 200

12

                                   Lombard, Illinois 60148
                                   Telephone: (630) 575-8181

13

                                   mhijazin@hijazinlaw.com
                                   *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28